# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEENAN THOMAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-CV-108 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant Keenan Thomas' motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion is an unauthorized second or successive motion under 28 U.S.C. § 2255(h) and will be dismissed because the Court lacks jurisdiction over movant's second or successive motion.

### Procedural Background

On March 25, 2015, movant plead guilty to being a felon in possession of a firearm. *U.S. v. Thomas*, No. 4:15CR3 CDP (E.D.Mo).  Movant was deemed an armed career criminal due to his prior convictions for second degree burglary under § 569.170 of the Missouri Revised Statues. On September 9, 2015, I sentenced movant to a total of 188 months' imprisonment. However, movant's sentence was not enhanced under the Armed Career Criminal Act ("ACCA") because his offense level was already above the ACCA provision before any Chapter Four enhancements were to be considered. Movant failed to seek direct review of his conviction or sentence.

More than three years later, on November 20, 2018, movant filed his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant argued that his sentence had been enhanced under *Johnson v. United States,* 135 S.Ct.2551 (2015). I ordered movant to

show cause, on December 11, 2018, why his motion to vacate should not be dismissed as untimely, given that his sentence had not been enhanced under *Johnson.* Movant argued in his response brief that he was entitled to resentencing under *Mathis v. United States*, 136 S.Ct.2243 (2016). He also asserted that he was entitled to equitable tolling because his counsel was ineffective.

On December 21, 2018, I denied and dismissed movant's motion to vacate, finding that because the ACCA played no role in movant's sentence, *Johnson* and its progeny could not afford movant any relief from his sentence. Moreover, movant was not entitled to equitable tolling to negate his untimely filing. Movant failed to appeal the denial of his motion to vacate.

On January 14, 2020, movant filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 by placing his motion in the prison mailing system at U.S.P. McCreary in Pine Knot, Kentucky. In support of his motion to vacate, movant once again asserts that his sentence should be set aside because it was enhanced under *Johnson*. Because this is a second or successive motion to vacate, movant's motion to vacate will be denied and dismissed as successive.

**Discussion**

As noted above, movant previously filed a § 2255 motion that was dismissed as untimely. The instant motion is therefore a "second or successive" motion as defined in 28 U.S.C. § 2255(h). *See Diaz-Diaz v. United States,* 297 F. App'x 574, 575 (8th Cir. 2008) (per curiam) (a later motion for collateral relief is considered "second or successive" if the earlier motion was dismissed as untimely).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a second or successive motion must be certified by the appropriate circuit court of appeals before it may be filed in the District Court. 28 U.S.C. § 2255(h). This requirement is jurisdictional. *Burton*

2

*v. Stewart*, 127 S. Ct. 793, 796 (2007). Movant may not bypass the authorization requirement by purporting to invoke some other procedure or by labeling the motion as something other than what it is.

Under 28 U.S.C. § 2244(a) and § 2255(h) District Courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals.  The instant petition has not been certified by the Court of Appeals for the Eighth Circuit.  Because movant did not obtain authorization from the Eighth Circuit Court of Appeals before filing the instant motion, I lack jurisdiction to grant the relief requested therein.  I must therefore dismiss this action for lack of jurisdiction. This dismissal will be without prejudice to refiling if, and when, movant obtains the necessary authorization from the United States Court of Appeals for the Eighth Circuit.

### Certificate of Appealability

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).  Because movant has made no such showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED AND DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed with this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2020.